[Crim. Nos. 1725, 1726, 1727, 1728.   Third Appellate District.—July 3, 1940.]

THE PEOPLE, Respondent, v. FRANK FULLER, Appellant.

Frank Fuller, *in pro. per.*, for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

THE COURT.—Four indictments were brought against defendant and were consolidated for trial. Upon each of these indictments defendant was found guilty, and prosecutes this appeal from the several judgments and from orders denying motions for a new trial.

Each indictment charged a separate offense of issuing a bank check without sufficient funds with intent to defraud, each check having been presented to and cashed by a different place of business. These checks were dated in March, 1937. The defendant was indicted in May, 1939, and the trial was held in January, 1940.

Appellant presents five points upon which he relies for reversal.

The first point is that the evidence was insufficient to support the verdict. There is no contention that the checks were not fictitious or that there were funds in the bank upon which they were drawn to pay upon presentation. Witnesses identified defendant as the man who presented the checks and received the money thereon, at two of the places of business. In another the identification was somewhat uncertain, and in the fourth place no one could identify appellant as the one who presented the check.

Mr. Charles Stone, handwriting expert of the state bureau of criminal identification, testified definitely that the handwriting upon all of the checks was the same, and that they

were all written by the same person who signed "Frank Fuller" to an affidavit, which was admittedly signed by appellant. The several checks were introduced at the trial and examined by the jury. In view of the positive identification by at least two of the people who cashed the checks, the testimony that the checks were all in the same handwriting, is ample to support the verdicts of guilty.

It is next claimed the prosecuting attorney was guilty of misconduct. This asserted misconduct is in statements to the jury by the district attorney, referring to appellant: "I have never seen one who so thoroughly convinced me that there are people who are just born to get by on their own ingenuity. Now, that is the reason that the man didn't want an attorney," and others of similar import.

In the first place there was no objection made to the remarks of the district attorney nor citation of misconduct, and furthermore the remarks were not of such a degree of impropriety as to justify a reversal. A prosecuting attorney, in considering the effect or weight of evidence, should avoid expressing his opinion as a fact, but it cannot be held to have here seriously prejudiced the right of appellant.

Complaint is made of the order refusing to grant appellant a continuance, but no proper showing was made for such continuance. Appellant, contrary to the advice of the court, insisted upon acting as his own attorney, and on more than one occasion prior to the trial, the trial judge told him no continuances could be granted and on the day of the trial the defendant, in answer to the question of the court, answered: "The defense is ready." At the conclusion of the People's case the defendant, after naming certain witnesses he wanted present—who were made available to him—stated he had no other witnesses, and no other evidence to offer.

Complaint is made also of the order refusing to grant a new trial on the ground of newly discovered evidence. No showing of diligence was made; appellant stated he was ready for trial, and at the end of his case made no request for a continuance or stated he desired to prove an alibi, or was unable to obtain evidence to establish such fact. No abuse of discretion was shown in denying the motion for a new trial.

Also no error was made in refusing a proffered instruction based upon section 2061 of the Code of Civil Pro-

cedure. The record does not contain any evidence justifying such an instruction.

Appellant was fairly tried and properly convicted. He was offered the aid of counsel but elected to conduct his own defense, which he did with considerable skill. The court was always fair and considerate of his rights, extending to him every privilege possible, and at times guiding the examination along channels of inquiry that appellant was apparently unable to bring out by himself.

The evidence fully justifies the verdict of the jury. The judgments and orders are affirmed.